No. 63263.—Esso Standard Oil Co. v. United States, protest 194881–K (New York).

Opinion by JOHNSON, J.   At the original hearing, it was stipulated that the application for an allowance for bottom sediment and water in excess of the usual amount found in crude petroleum was filed, as required by the customs regulations.   However, since no testimony was offered, or were the official

papers placed in evidence, the protest was overruled, the court holding that there was nothing before it from which to determine whether or not the imported oil contained excessive bottom sediment and water or the quantity thereof. At the rehearing, the official papers were received in evidence, and the stipulation previously entered between counsel was reaffirmed. The application for allowance states that the merchandise contained 1.8 percent bottom sediment and water and claims an allowance of 0.8 percent. The laboratory report states that: "The sample has the characteristics of crude petroleum oil, contains 1.7% BS&W and is in API Group 1." A ruling of the Bureau of Customs (T.D. 48204(5)), referred to in *Socony Vacuum Oil Co., Inc.* v. *United States* (36 Cust. Ct. 214, C.D. 1777), affirmed in *Same* v. *Same* (44 C.C.P.A. 83, C.A.D. 641), reads: "* * * Bottom sediment and water in excess of 1 percent in importations of crude petroleum and fuel oil would be considered excessive within the purview of section 507 of the Tariff Act of 1930. In view thereof, where the importer complies with the requirements of article 813 of the Customs Regulations of 1931, allowance should be made in liquidation of such entries for water and sediment in excess of 1 percent." Pursuant to section 315, as amended, and section 507, it was held that an allowance of 0.7 percent of the total quantity of the merchandise should be made for bottom sediment and water in excess of the quantity usually found in or upon such merchandise.